# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00102-CV

**Appellant, Texas Comptroller of Public Accounts // Cross-Appellant,**
**The Dallas Morning News**

**v.**

**Appellee, Attorney General of Texas // Cross-Appellee,**
**Texas Comptroller of Public Accounts**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT**
**NO. D-1-GN-06-001120, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## O P I N I O N

This appeal concerns whether state employees' dates of birth must be disclosed pursuant to a request for information under the Texas Public Information Act. *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2007) (the "Act"). An editor from *The Dallas Morning News* requested a copy of the state employee payroll database from the Texas Comptroller of Public Accounts (the "Comptroller"). The Comptroller believed that certain information contained in the database, including date-of-birth information, was confidential and sought an opinion from the Attorney General as to whether its disclosure was required. The Attorney General concluded that a state employee's date of birth is public information that is subject to disclosure under the Act. The Comptroller contested the Attorney General's decision and filed suit against the Attorney General in district court. The Dallas Morning News, Ltd. (the "News")

intervened. The district court agreed with the Attorney General, finding that date-of-birth information is public information and is therefore subject to disclosure under the Act, but denied the News's request for attorney's fees. Both the Comptroller and the News appealed. We affirm the judgment of the district court.

## BACKGROUND

On November 18, 2005, an editor from *The Dallas Morning News* submitted a request to the Comptroller for an electronic copy of the Texas state employee payroll database. Believing some of the information contained in the database to be confidential and thus protected from disclosure under sections 552.101, 552.102, and 552.108 of the Act, the Comptroller submitted a timely request for an attorney general decision determining whether those portions were excepted from disclosure.[1] *See* Tex. Gov't Code Ann. § 552.301 (West 2004). In an open records letter ruling, the Attorney General concluded that employee date-of-birth information is public information that must be disclosed to the requestor. *See* Tex. Att'y Gen. OR2006-09138.[2]

In response, the Comptroller filed suit under section 552.324 of the Act and the Uniform Declaratory Judgments Act ("UDJA") seeking declaratory relief from compliance with the Attorney General's letter ruling. *See* Tex. Gov't Code Ann. § 552.324 (West 2004); Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2007). The Comptroller alleged in its petition that (1) the Attorney General had failed to apply the appropriate standards for

---

[1] In addition to date-of-birth information, the Comptroller claimed that certain salary deductions and an employee's designation as a peace officer were confidential.

[2] The letter ruling addressed together the News's request and a request for the state employee payroll database from another entity that is not a party to this appeal.

state employees' privacy rights under sections 552.101 and 552.102 of the Act, in accordance with Texas common law and the constitution and (2) the Attorney General erred in failing to properly apply the so-called "exceptional circumstances" test, which recognizes that special circumstances may exist to warrant protecting some public information from disclosure. *See* Tex. Att'y Gen. ORD-123 (1976).[3]

The News filed a plea in intervention and moved for partial summary judgment on the grounds that date-of-birth information is not protected by the Act, the common-law right of privacy, or the constitutional right of privacy as a matter of law and that "the vague threat of identity theft does not constitute 'exceptional circumstances'" sufficient to prevent disclosure. The Comptroller responded with a cross-motion for summary judgment, contending that date-of-birth information is protected by both common-law and constitutional rights to privacy or, alternatively, that the issue is fact-intensive and not appropriate for summary judgment.

The trial court granted the News's motion for partial summary judgment and denied the Comptroller's cross-motion for summary judgment. The News filed a second motion for summary judgment seeking attorney's fees under section 552.353(b)(3) of the Act and section 37.009 of the UDJA, which the trial court denied. Both the Comptroller and the News appealed.

---

[3] According to the Comptroller, the exceptional-circumstances analysis should dictate that even if state employees' date-of-birth information is public information, the threat that disclosure could lead to identity theft constitutes a special circumstance counseling against its release. However, while continuing to argue that the threat of identity theft is a relevant consideration that should prevent the disclosure of dates of birth, the Comptroller has not raised its "exceptional circumstances" argument on appeal.

In a single issue on appeal, the Comptroller argues that the trial court erred in granting the News's partial summary judgment because the release of a public employee's birth date, in conjunction with his name, is a violation of his right of privacy. In two issues on cross-appeal, the News contends that the trial court erred in failing to grant its motion for summary judgment on the issue of attorney's fees under the Act and under the UDJA.

## STANDARDS OF REVIEW

Summary judgment is proper where the movant establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. Tex. R. Civ. P. 166a(c). We review the summary judgment de novo, take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When, as here, both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, the reviewing court considers the summary-judgment evidence presented by both sides, determines all questions presented, and if the reviewing court finds that the trial court erred, renders the judgment that the trial court should have rendered. *Valence*, 164 S.W.3d at 661; *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997).

Issues of statutory construction are questions of law and are reviewed de novo. *Liberty Mut. Ins. Co. v. Texas Dep't of Ins.*, 187 S.W.3d 808, 819 (Tex. App.—Austin 2006, pet. denied). Specifically, whether information is subject to the Act and whether an exception to disclosure applies to the information are questions of law. *See City of Garland*, 22 S.W.3d at 357; *A & T Consultants v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995).

The News sought attorney's fees under section 552.353(b)(3) of the Act and section 37.009 of the UDJA. Because the Act dictates that the trial court's decision to award attorney's fees in an action under section 552.353(b)(3) is discretionary, *see* Tex. Gov't Code Ann. § 552.323 (West 2004), we review that decision for an abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998) (and cases cited therein, explaining that where statutes provide court "may" award attorney's fees, decision to grant or deny attorney's fees is discretionary and reviewed on appeal for abuse of discretion). Likewise, a trial court's judgment in granting or denying attorney's fees in a declaratory-judgment action under the UDJA is reviewed on appeal for an abuse of discretion. *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.* 228 S.W.3d 864, 867 (Tex. App.—Austin 2007, pet. denied); *Florey v. Estate of McConnell*, 212 S.W.3d 439, 447 (Tex. App.—Austin 2006, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, not when it simply exercises that discretion in a different manner than reviewing appellate courts might. *Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007).

**DISCUSSION**

Under the Act, "public information" is information that is "collected, assembled, or maintained . . . in connection with the transaction of official business" by a governmental body.

5

Tex. Gov't Code Ann. § 552.002(a) (West 2004). The Act does not limit the availability of public information except as expressly provided. *See id.* § 552.006; *Arlington Indep. Sch. Dist. v. Texas Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.). The Act is to be liberally construed in favor of granting requests for information. Tex. Gov't Code Ann. § 552.001(b) (West 2004). A governmental body seeking to withhold requested information must submit a timely request for a determination from the Attorney General, asserting which exceptions to disclosure in subchapter C of the Act apply to the requested information. *Id.* § 552.301. Exceptions to the Act are narrowly construed. *Arlington I.S.D.*, 37 S.W.3d at 157.

It is undisputed that state employees' dates of birth are public information because they are collected and maintained by the Comptroller's office in connection with its official business. The only issue is whether date-of-birth information falls within an exception under subchapter C.

Where, as here, a governmental body disagrees with the Attorney General's determination that information is not excepted from disclosure, the only suit the governmental body may file seeking to withhold the information is a suit against the Attorney General challenging that determination. *See* Tex. Gov't Code Ann. § 552.324 (West 2004). The requestor is entitled to intervene in the suit. *Id.* § 552.325.

The Comptroller complied with these procedures, asserting that employee date-of-birth information is excepted from disclosure under the confidential-information exception in subchapter C, section 552.101. Section 552.101 provides that information is excepted from disclosure "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *See id.* § 552.101. The Comptroller maintains that date-of-birth

6

information is considered to be confidential (1) under the common law and, therefore, "by judicial decision" and (2) under the Texas constitutional right to privacy.

We hold that date-of-birth information is not confidential and that the state employee date-of-birth information contained in the state employee payroll database must be disclosed pursuant to the News's request.

**Common-law right of privacy**

The Comptroller maintains that date-of-birth information is expressly excepted from disclosure under the Act because it is information considered to be confidential by judicial decision under the Texas common-law right of privacy. *See id.*

It is not entirely clear which judicially recognized privacy interest the Comptroller is relying upon in order to establish that date-of-birth information is considered to be confidential by judicial decision. Texas courts recognize three separate types of invasion of privacy: (1) intrusion upon one's seclusion or solitude or into one's private affairs, (2) public disclosure of embarrassing private facts, and (3) wrongful appropriation of one's name or likeness.[4] *See Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994); *Industrial Found. of the S. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex. 1976) (quoting William L. Prosser, *Privacy*, 48 Cal. L. Rev. 383, 389 (1960)).

---

[4] The Comptroller apparently concedes that wrongful appropriation is not at issue in this case, having cited to no authorities or anything in the record indicating that this theory provides a basis for finding that employees' birth dates are confidential.

7

Intrusion upon seclusion was recognized by the Texas Supreme Court in *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex. 1973). Public disclosure of private facts was articulated by the Court in *Industrial Foundation*, 540 S.W.2d at 682-83. In its opening brief, the Comptroller states, "it is the *Billings'* analysis which should be applied here and not the *Industrial Foundation's* analysis." However, in its reply brief, the Comptroller maintains that the "sole criteria for determining whether information is exempt from disclosure as 'confidential by judicial decision [under the PIA]' is whether the information is of legitimate public concern and whether its publication would be highly objectionable to a reasonable person," which is the test for public disclosure of private facts developed in *Industrial Foundation*.[5]

The News asserts in response that the Comptroller has "shifted" privacy theories in support of its confidentiality claim, "abandon[ing] its privacy theory based upon the public revelation of highly intimate and embarrassing private facts" and asserting a new legal theory, intrusion upon seclusion, for the first time on appeal. As a result, the News argues, the Comptroller's theory of public revelation of private facts is not before this Court, and the Comptroller is barred from arguing its intrusion-upon-seclusion theory because it was never presented to the trial court.

While the Comptroller's arguments on this issue are somewhat difficult to discern, "it is our practice to construe liberally points of error in order to obtain a just, fair, and equitable adjudication of the rights of the litigants." *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690

---

[5] In an attempt to reconcile the apparent contradiction in its written submissions as to which privacy right or rights apply in this case, the Comptroller stated at oral argument that the *Billings* analysis "controls," but because that case was not decided under the Act, we must also consider *Industrial Foundation*.

(Tex. 1989); *see also* Tex. R. App. P. 38.1(e) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."). From our review of the record, we find that the Comptroller's issue on appeal—that the disclosure of state employees' birth dates would violate the confidential-information exception set forth in section 552.101 of the Act—is the same argument raised in its original petition and cross-motion for summary judgment. That issue necessarily requires us to determine the subsidiary question of whether date-of-birth information has in fact been made confidential by judicial decision, to which we now turn.

*Intrusion upon seclusion*

An unwarranted intrusion upon seclusion is proved by showing (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) that the intrusion would be highly offensive to a reasonable person, and (3) that the person suffered an injury as a result of the intrusion. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Intrusion upon seclusion is "typically associated with either a physical invasion of a person's property or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." *Clayton v. Wisener*, 190 S.W.3d 685, 696 (Tex. App.—Tyler 2005, no pet.); *GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet*, 61 S.W.3d 599, 618 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

The Comptroller cites no authority, nor have we found any, where a Texas court determined that a party suffered an intrusion upon his seclusion absent evidence of a physical invasion or eavesdropping. On the contrary, several courts have held that the party could not recover because he did not allege that a physical invasion or eavesdropping took place. *See, e.g.*, *Clayton*,

9

190 S.W.3d at 697; *Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 6 (Tex. App.—Corpus Christi 1991, no writ), overruled on other grounds, *Cain v. Hearst Corp.*, 878 S.W.2d 577 (Tex. 1994); *see also Cornhill Ins. PLC v. Valsamis*, 106 F.3d 80, 85 (5th Cir. 1997) (applying Texas law).

Assuming without deciding that this privacy interest can be violated even though there has been no physical invasion or eavesdropping, the Comptroller has not shown that releasing date-of-birth information constitutes an intentional intrusion upon state employees' seclusion or private affairs that would be highly offensive to a reasonable person. The Comptroller's unsupported assertions that one's birth date "is certainly part of one's private affairs" and that "most reasonable people would find it highly objectionable to be at risk for the type of attention that the release of this information is likely to bring their way" do not establish that date-of-birth information has been made confidential as a matter of law.

Nor does the Comptroller's summary-judgment evidence raise a fact issue as to whether granting the News's request for information would be an intrusion upon state employees' seclusion.[6] The Comptroller argues that the evidence proves that "[g]overnment employees are aware, as is the public in general, that the more personal information publicly available about them, the more likely they are to be a victim of identity theft or marketing companies." Their awareness

---

[6] The Comptroller submitted affidavits from several state employees, including (1) a Texas Education Agency employee who stated that she has been the victim of identity theft and requested that her date of birth not be released; (2) a Texas Department of Public Safety highway patrolman who stated that law enforcement personnel accept as true the name and birth-date information given to them by a person stopped for a traffic violation when that person does not present a driver's license; and (3) a crime analyst at the Department of Public Safety who stated that information in the request submitted by the News can be matched with other information available on the Internet to commit fraud and identity theft.

is not at issue; the Comptroller has merely shown that some state employees are concerned about the potential misuse of date-of-birth information. This is not evidence that the release of state employees' dates of birth to the News is an invasion of their privacy or that it will result in the commission of identity theft. We agree with the Attorney General and the News that the speculative and unproven threat of identity theft is insufficient to exempt date-of-birth information from disclosure under the Act.

Even if the Comptroller had shown that the release of state employees' dates of birth is an intentional intrusion upon the employees' private affairs, the Comptroller has provided no argument or authority suggesting that the release *of that information* would be highly objectionable to a reasonable person. Instead, the Comptroller argues that date-of-birth information, if made available, might be misused in connection with other identifying information to commit identity theft.

This argument must fail because the Act precludes an inquiry into the intended use, or potential misuse, of the information requested. *See* Tex. Gov't Code Ann. § 552.222 (West 2004); *A & T Consultants*, 904 S.W.2d at 676 ("we may not consider the requesting party's purpose or use for the information"); *Industrial Found.*, 540 S.W.2d at 686 ("the Act prohibits consideration of the motives of the requesting party in determining whether information must be disclosed"). Because we cannot engage in a factual inquiry into what use the information will or might be put, *see A & T Consultants*, 904 S.W.2d at 676, the question of whether it is highly objectionable to be a victim of identity theft is not before us. Moreover, the Act does not permit public information to be withheld because it might be used in conjunction with other publicly

11

available information, thereby allowing the requestor to deduce confidential information. *See id.* In light of *A & T Consultants*, the Comptroller cannot declare that date-of-birth information is confidential because it might be used with other information available on the Internet to commit identity theft.

The Comptroller therefore failed to establish as a matter of law that the release of state employees' dates of birth is an intrusion upon their seclusion entitling the information to be withheld under the confidential-information exception of the Act.

*Public disclosure of embarrassing private facts*

The Comptroller also alleges that state employees' date-of-birth information is confidential because its release would constitute the public disclosure of embarrassing private facts. *See Industrial Found.*, 540 S.W.2d at 682. Under this theory of recovery, the injured party "must show (1) that publicity was given to matters concerning his private life, (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities, and (3) that the matter publicized is not of legitimate public concern." *Id.* The *Industrial Foundation* court interpreted these requirements to mean that the information must contain "highly intimate or embarrassing facts about a person's private affairs, such that its publication would be highly objectionable to a person of ordinary sensibilities." *Id.* at 683.

The Comptroller has not shown that a state employee's date of birth is a highly intimate or embarrassing fact, but argues instead that the use to which someone would put that information—namely, by committing identity theft—would be highly objectionable. However, as we have already discussed, the purported use of the information and the purpose of the requestor

12

cannot be considered when determining whether public information is subject to an exception from disclosure. Absent any evidence that a person's date of birth is "highly intimate" or "embarrassing," we do not agree with the Comptroller that the information is excepted from disclosure.

The information at issue in *Industrial Foundation* illustrates the sort of information that is considered to be highly intimate or embarrassing. In that case, the Texas Industrial Accident Board claimed that certain of its workman's compensation claim files were confidential because the files contained matters of "extreme privacy which, if released, would cause extreme embarrassment to the claimant." *Id.* at 683. Examples cited by the Board included a claim for injuries arising from sexual assault, death benefit claims on behalf of illegitimate children, claims for psychiatric treatment of mental disorders, claims for injuries to sexual organs, and a claim for injuries stemming from an attempted suicide. *Id.* The supreme court agreed with the Board that at least some of these claims were "of such a nature that their publication would be highly offensive to a reasonable person." *Id.*

An employee's date of birth, if known to the general public, is neither highly intimate nor embarrassing. Therefore, we need not consider whether the information sought is of legitimate concern to the public, and we conclude that its release would not constitute the public disclosure of embarrassing private facts.[7]

---

[7] We further note that the third element of the test, whether the matter is of a legitimate public concern, does not require the court to balance the interests at stake, as the Comptroller argues. The legislature has already determined the weight that competing interests should be afforded in drafting the Act and narrowly circumscribing any and all exceptions to disclosure. *See Industrial Found. of the S. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 675-76 (Tex. 1976). Properly applying the statutory scheme will result in the proper balancing of an individual's right to privacy. *See id.*; *Hubert v. Harte-Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546, 550 (Tex. App.—Austin 1983, writ ref'd n.r.e.).

Because the disclosure of state employees' date-of-birth information would not violate any of the privacy interests alleged by the Comptroller, we hold that date-of-birth information has not been made confidential by judicial decision.

**Constitutional right to privacy**

The Comptroller further argues that date-of-birth information is protected from disclosure under the Texas Constitution. Article I, sections 9 and 25 protect personal privacy from unreasonable intrusion. *See Texas State Employees Union v. Texas Dep't of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex. 1987). "This right to privacy should yield only when the government can demonstrate that an intrusion is reasonably warranted for the achievement of a compelling governmental objective that can be achieved by no less intrusive, more reasonable means." *Id.* Applying the balancing test from *Texas State Employees Union* in this case, the Comptroller argues that "the government's interest in disclosing its employees' birthdate is indiscernible, but the employees' privacy interest is obvious."

The News responds by pointing out that only information pertaining to activities and experiences within a recognized "zone of privacy" is protected by the constitutional right of privacy. *See, e.g.*, *Industrial Found.*, 540 S.W.2d at 680-81 ("the State's right to make available for public inspection information pertaining to an individual does not conflict with the individual's constitutional right of privacy unless the State's action restricts his freedom in a sphere recognized to be a zone of privacy . . . ."). Arguing that the only recognized zones of privacy concern "marriage, procreation, abortion, child rearing and family relationships," *see id.* at 681, the News maintains that "[n]o Texas court . . . has ever found that state employees' date of birth information falls within the

14

zone of privacy protected by constitutional law." We agree. Moreover, the Comptroller's reliance on *Texas State Employees Union* is misplaced.

*Texas State Employees Union* was a case decided under the constitutional right to privacy dealing with a mandatory polygraph policy that the mental health department had instituted. 746 S.W.2d at 204. Under the policy, employees were subject to "adverse personnel action" if they refused to submit to a polygraph examination during the course of an investigation of suspected patient abuse or other criminal activity on the department's facilities. *Id.* In addition to job performance-related issues, the examination involved asking such control questions as: "Do members of your family smoke dope?" "Have you stolen anything in your life or in the last ten years?" "Have you beaten your kids?" *Id.*

The court did not expressly engage in an analysis as to whether the polygraph examination violated any interest within a recognized zone of privacy. However, based on the highly intimate and embarrassing nature of the questions posed during the examination, the court concluded that the "polygraph policy itself undoubtedly implicates the privacy rights of its employees." *Id.* at 206. This is consistent with the right-of-privacy jurisprudence recognizing that personal matters outside a recognized zone of privacy may be protected under the constitution if those matters concern the most intimate aspects of human affairs. *See, e.g.*, *Ramie v. City of Hedwig Vill.*, 765 F.2d 490, 492 (5th Cir. 1985). Thus, in holding that the right of privacy was "undoubtedly" implicated by questions concerning the nature of intimate family relationships, drug use, and criminal history unrelated to on-the-job performance, the *Texas State Employees Union* court determined that the state was therefore required to provide a compelling interest for intruding upon employees' privacy.

The same cannot be said in this case. The Comptroller has not shown that date-of-birth information falls within a recognized zone of privacy, nor has it produced any evidence that a person's birth date is an intimate or embarrassing fact or that its disclosure would be highly objectionable to a reasonable person. The nature of the information at issue in *Texas State Employees Union*, besides closely relating to constitutionally recognized zones of privacy, was highly intimate and embarrassing. There is no dispute that the average person would find it objectionable for the sort of information at issue in *Texas State Employees Union* to be made public. Because the Comptroller has failed to show, as a threshold matter, that the disclosure of a state employee's date of birth would constitute an intrusion upon his right of privacy, we need not consider whether the disclosure is reasonably warranted for the achievement of a compelling objective.

Summary judgment was therefore properly granted in favor of the News on the ground that date-of-birth information is not protected under the constitutional right to privacy.

**Attorney's fees**

On cross-appeal, the News argues that the trial court erred in failing to award attorney's fees under the section 552.323 of the Act and section 37.009 of the UDJA.

*Section 552.323 of the Act*

With respect to the award of attorney's fees, the Act provides:

> In an action brought under Section 552.353(b)(3), the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion under this subsection, the court shall consider whether the conduct of the officer for public information of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

16

Tex. Gov't Code Ann. § 552.323(b) (West 2004).

The News argues that it is entitled to recover its attorney's fees because it showed that (1) the action was brought under section 552.353(b)(3); (2) as a defendant, it was the party that substantially prevailed; and (3) the officer for public information of the governmental body did not have a reasonable basis in law to refuse disclosure of the information, or the litigation was brought in bad faith.

We agree that the suit was brought under section 552.353(b)(3), which permits a governmental body's officer for public information to file a petition for a declaratory judgment "against the attorney general in a Travis County district court seeking relief from compliance with the decision of the attorney general . . . ." *Id.* § 552.353(b)(3). We also agree that the News substantially prevailed in the court below. *See id.* A dispute exists as to whether the News is entitled to recover its attorney's fees as an intervenor because the provision refers to attorney's fees incurred "by a plaintiff or defendant." *See id.*

However, we need not decide the issue of whether an intervenor can recover attorney's fees under the Act because the News failed to produce evidence that the Comptroller's suit had no reasonable basis in law or was filed in bad faith. We emphasize that the decision to grant or deny attorney's fees under this provision of the Act is made at the discretion of the trial court, and we find no abuse of discretion.

The trial court's order denying the News attorney's fees states that "Intervenor has not established authority for the award of attorney's fees." In the absence of findings of facts and conclusions of law, the judgment will stand on any legal theory supported by the evidence.

*Phillips v. Estate of Poulin*, No. 03-05-00099-CV, 2007 Tex. App. LEXIS 8163, at *13 n.6 (Tex. App.—Austin Oct. 12, 2007, no pet.).[8]

Here, the pleadings and the evidence support a finding that the Comptroller acted in good faith. Courts presume that pleadings, motions, and other papers are filed in good faith, and the party moving for sanctions has the burden of overcoming this presumption. *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993). While the Comptroller's argument that date-of-birth information is excepted from disclosure under the confidential-information exception is incorrect, it was not brought in bad faith or based upon an unreasonable interpretation of the law.[9] A party is not entitled to receive sanctions merely because opposing counsel filed a motion or

---

[8] The News insists that the trial court's letter ruling provides an erroneous basis for denying its request for attorney's fees, premised on a flawed interpretation of the Act. Pre-judgment letters do not constitute findings of fact and conclusions of law and are not competent evidence of a trial court's basis for judgment. *See Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990) (observing that the trial court "could have disregarded the evidence at the time judgment was actually signed" and that such a letter "is not a finding of fact" as contemplated by the Texas Rules of Civil Procedure); *Mondragon v. Austin*, 954 S.W.2d 191, 193 (Tex. App.—Austin 1997, pet. denied) (pre-judgment letter "cannot constitute findings of fact and conclusions of law"); *see also Gulf States Utils. Cos. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002) (letter ruling did not illuminate trial court's basis for judgment, and appellate court, rather than remand to trial court "to obtain the judge's thought processes," should determine "the judgment that can be rendered from the pleadings, evidence, and verdict").

[9] As the Attorney General's letter ruling noted, federal courts and courts in other states have already held that dates of birth are private and that their disclosure is a clear invasion of personal privacy, suggesting that it would not be unreasonable to conclude that date-of-birth information is protected from public disclosure. *See* Tex. Att'y Gen. OR2006-09138 (citing *Olivia v. United States*, 756 F. Supp. 105 (E.D.N.Y. 1991); *Scottsdale Unified Sch. Dist. v. KPNX*, 955 P.2d 534 (Ariz. 1998); *Zink v. Commonwealth*, 902 S.W.2d 825 (Ky. Ct. App. 1994)). The fact that the Texas Legislature has not yet chosen to create an exception for date-of-birth information does not foreclose the possibility that Texas could join the growing number of states that protect dates of birth from disclosure, nor should it be seen as evidence that the Comptroller's attempt to prevent disclosure of this information was unreasonable or made in bad faith.

pleading that the trial court denies. *See Emmons v. Purser*, 973 S.W.2d 696, 700 (Tex. App.—Austin 1998, no pet.).

Because the trial court did not act unreasonably, arbitrarily, or without reference to any guiding rules or principles, we hold that it was not an abuse of discretion to deny the News's request for attorney's fees under the Act.

*UDJA*

The UDJA does not require an award of attorney's fees to the prevailing party. *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 669 (Tex. App.—Austin 2006, no pet.). In any proceeding under the UDJA, the court may award costs and reasonable and necessary attorney's fees as are equitable and just. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997).

The News argues that it is equitable and just to award attorney's fees in its favor because the News is the prevailing party and the Comptroller "has no legal basis to support its position." As discussed above, we disagree that the Comptroller filed a baseless action. The Comptroller's claim was filed based on a good-faith but incorrect belief that the confidential-information exception of the Act permitted the Comptroller to withhold date-of-birth information. We therefore hold that the trial court did not abuse its discretion in refusing to award the News its attorney's fees under the UDJA.

**CONCLUSION**

Because we find that state employees' dates of birth are not excepted from disclosure under the Texas Public Information Act and that the Comptroller failed to meet its burden in proving

19

that date-of-birth information is protected under the common law or the constitutional right of privacy, we affirm the summary judgment in favor of the News.  We further hold that the denial of attorney's fees to the News was not an abuse of discretion.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   January 17, 2008