TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00321-CV






Reginald Baugh and Bobbie H. Baugh, Appellants


v.


James Allan Fleming and Melissa Hatfield Fleming, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 06-537-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In this case, the district court entered judgment against appellants Reginald Baugh
and Bobbie H. Baugh, awarding damages to appellees James Allan Fleming and Melissa Hatfield
Fleming for invasion of privacy, and granting the Flemings an injunction against the Baughs' moving
their satellite dish in violation of the homeowners' association agreement. We hold that the Baughs'
videotaping inside the Flemings' house from their neighboring property, over the privacy fence
separating the Baughs' and Flemings' properties, constituted an actionable invasion of privacy. We
also hold that, based on a provision of the homeowners' association agreement, the Flemings had
standing as individual homeowners to assert a claim for injunctive relief to enforce the agreement. 
We affirm the judgment of the district court.

 The Baughs and the Flemings are next-door neighbors. The Baughs filed suit against
the Flemings on July 17, 2006, asserting various causes of action based on the Baughs' allegation
of "loud and incessant barking" by the Flemings' dog. The Flemings counter-sued, seeking damages
for intentional infliction of emotional distress and invasion of privacy, an injunction against the
Baughs' moving their satellite dish in violation of the restrictive covenants established by the
homeowners' association, and attorneys' fees. Prior to trial, the Baughs non-suited their claims. On
April 7, 2008, the district court entered judgment awarding the Flemings damages for invasion of
privacy and enjoining the Baughs from violating the applicable deed restriction. The Baughs appeal.

 In their first issue on appeal, the Baughs contest the district court's judgment on the
Flemings' invasion of privacy claim. On a Saturday morning, Melissa Fleming, while eight months
pregnant and wearing her pajamas, observed Reginald Baugh videotaping her through her
kitchen window for approximately 10 seconds. Reginald was in his backyard, filming over the six-foot privacy fence, which, according to James Fleming's testimony, is 10 to 15 feet from the side of
the Flemings' house. Melissa testified that the following day, while her mother and brother were in
the house, Reginald was again observed videotaping over the fence into the house. Reginald testified
that he was attempting to capture the Flemings' dog's barking on videotape, as the Animal Control
Unit of the Round Rock Police Department had informed him that video was the appropriate method
to demonstrate the dog's barking.

 The Baughs argue that such actions, as a matter of law, do not constitute an actionable
invasion of privacy. The elements of a cause of action for invasion of privacy by intrusion upon
seclusion are (1) an intentional intrusion upon a person's solitude, seclusion, or private affairs or
concerns, (2) that would be highly offensive to a reasonable person, and (3) as a result of which the
person suffered an injury. See Texas Comptroller of Pub. Accounts v. Attorney Gen., 244 S.W.3d
629, 636 (Tex. App.--Austin 2008, pet. granted) (citing Valenzuela v. Aquino, 853 S.W.2d 512,
513 (Tex. 1993)).

 The Baughs contend that there was no actionable "intrusion" because they did
not physically intrude into the Flemings' property or surreptitiously listen to their conversations. The
Baughs rely on Vaughn v. Drennon, which provides that the intrusion-upon-seclusion type
of invasion of privacy is "generally associated with either a physical invasion of a person's property
[or] eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying."
202 S.W.3d 308, 320 (Tex. App.--Tyler 2006, no pet.). Thus, the Baughs contend, videotaping
through the window of a home cannot be an actionable invasion of privacy. We disagree. Such
an activity falls within the scope of the term "spying." See Gonzales v. Southwestern Bell Tel. Co.,
555 S.W.2d 219, 221 (Tex. Civ. App.--Corpus Christi 1977, no writ) (defining intrusion upon
seclusion to include "spying into windows of a home"); see also Clayton v. Richards, 47 S.W.3d
149, 155-56 (Tex. App.--Texarkana 2001, pet. denied) (holding that video recording surreptitiously
made when individual believes he is in state of complete privacy could violate right to privacy).

 The Baughs also rely on Vaughn v. Drennon to argue that they did not interfere with
the Flemings' "private affairs." In that case, the alleged intruder was on his own property across the
street from the plaintiff and used binoculars to watch the plaintiff through her kitchen window and
when she was outside her house. See Vaughn, 202 S.W.3d at 320. The court held that there was no
invasion of privacy because "[o]ne cannot expect to be entitled to seclusion when standing directly
in front of a large window with the blinds open or while outside." Id. The key distinction between
Vaughn and this case, however, is the undisputed fact that in this case the Flemings' kitchen window
faces the backyard, not a public street, and there is a six-foot-tall "privacy fence" separating the
two properties. (1) When the window of a home is not observable by the alleged intruder in the normal
course of non-intrusive activities, we cannot say as a matter of law that a plaintiff has no reasonable
expectation of privacy merely because her window blinds are open.

 The Baughs contend that the video-recording was not "highly offensive" because
it was both justified and warranted based on the animal control unit's advice to the Baughs regarding
how to sufficiently prove the level of nuisance created by the Flemings' dog's barking in the
backyard. See id. ("When assessing the offensive nature of the invasion, courts further require
the intrusion to be unjustified or unwarranted.") (citing Billings v. Atkinson, 489 S.W.2d 858, 860
(Tex. 1973)). However, Melissa Fleming testified that Reginald Baugh was videotaping directly
into the kitchen window, not at the dog in the backyard. See City of Keller v. Wilson, 168 S.W.3d
802, 807 (Tex. 2005) (for legal sufficiency challenge, appellate courts view evidence in light
favorable to verdict, crediting favorable evidence if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not). Even if we were to determine that the advice
of the animal control unit was somehow relevant to the issue of liability, there was no evidence that
the dog was barking at the time of the filming, that the dog was inside the kitchen at the time of the
filming, or that the Baughs were advised to film inside the Flemings' house.

 Finally, the Baughs argue that no actionable tort for invasion of privacy occurred
because of the distance between the camera and house, the angle of the filming, the duration of
the filming, and the room filmed being a kitchen rather than a bedroom. We note that the Baughs
did not produce a copy of the video from either filming incident at issue. (2) Consequently, there was
no evidence regarding whether the distance and angle precluded the Baughs from discerning the
interior of the Fleming home in the video recording. Viewing the evidence in the light favorable to
the judgment, see id., we presume that Reginald Baugh did capture Melissa Fleming on film. The
first filming incident occurred as Melissa was in her kitchen at 8 a.m., and while the filming lasted
only ten seconds, we consider the relative shortness of the filming's duration to be tempered by the
ability of a video recording to be retained, reproduced, and distributed. Viewing all the evidence in
the record in the light favorable to the judgment, we hold that the evidence was legally sufficient to
support a judgment by the district court for invasion of privacy by intrusion upon seclusion.

 In their second issue on appeal, the Baughs contest the district court's judgment on
the Flemings' claim for injunctive relief. The homeowners' association agreement applicable to both
the Flemings' and the Baughs' properties restricts the locations on which a homeowner may install
a satellite dish. The Flemings initially asserted a cause of action against the Baughs for violating that
provision of the agreement. The Baughs then moved their satellite dish to a location in compliance
with the agreement. In response, the Flemings amended their petition to request an injunction
against the dish being moved once more to an impermissible location. The district court granted a
permanent injunction prohibiting the Baughs from placing the dish at "a location that violates the
recorded deed restrictions which are applicable to their residence."

 The Baughs argue that, unlike the homeowners' association itself, the Flemings
do not have standing to bring suit to enforce the restrictive covenants. Section 202.004 of the
Texas Property Code authorizes a "property owners' association or other representative designated
by a owner of real property" to file suit to enforce a restrictive covenant established by a
property owners' association. See Tex. Prop. Code Ann. § 202.004(b) (West 2007). The Baughs
rely on Hawkins v. Walker for the proposition that "[i]ndividual property owners are not identified
in the statute as persons or entities who are authorized to bring suit under the statute." 233 S.W.3d
380, 388-90 (Tex. App.--Fort Worth 2007, pet. denied).

 However, the Flemings' cause of action for injunctive relief is brought under
the terms of the applicable homeowners' association agreement itself, not under property code
section 202.004. That agreement provides:

the Owner of any Lot on the Property shall have the right to have each and all of the
foregoing covenants, conditions and restrictions herein faithfully carried out and
performed with reference to each and every Lot, together with the right to bring any
suit or undertake any legal process that may be proper to enforce the performance
thereof.

Given that the agreement permits individual homeowners--including the Flemings--to institute
legal proceedings in order to enforce the restrictive covenants--including the placement of
satellite dishes--the Flemings had standing to seek an injunction to enforce the Baughs' compliance
with the restrictive covenant at issue.

 Having overruled the Baughs' issues on appeal, we affirm the judgment of the
district court.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: December 31, 2009
1. On a separate occasion, Bobbie Baugh was observed attempting to film into the Flemings'
backyard, and was using a ladder in order to do so.
2. Reginald Baugh testified as follows regarding the videotape:


We specifically set out to keep it. When it was proven not to be adequate, the
video recorder that we were using was available to many people and they were all
attempting at times to obtain--often the videotape would have large segments of
inaccurate information. They would rewind it and attempt to, you know, save tape
and in the course of affairs when I went back to look, I could not find it. I can't tell
you one hundred percent it's gone. I could only tell you I couldn't find it. It may
have well have been taped over.