ACCEPTED
03-15-00078-CV
4671425
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 11:57:00 AM
JEFFREY D. KYLE
CLERK

# No. 03-15-00078-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 11:57:00 AM
JEFFREY D. KYLE
Clerk

IN THE THIRD DISTRICT COURT OF APPEALS
AUSTIN, TEXAS

_____

CHRIS BELL,
Appellant

v.

REPUBLICAN GOVERNORS ASSOCIATION
Appellee

_____

On appeal from the 261st Judicial District Court, Travis County
Honorable John Dietz Presiding

_____

## BRIEF OF APPELLANT

_____

ELIZABETH G. BLOCH
State Bar No. 02495500
Heidi.bloch@huschblackwell.com
THOMAS H. WATKINS
State Bar No. 20928000
Tom.watkins@huschblackwell.com
Husch Blackwell LLP
111 Congress, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

*Attorneys for Appellant Chris Bell*

## ORAL ARGUMENT REQUESTED

# INTERESTED PARTIES

| APPELLANT | ATTORNEYS FOR APPELLANTS |
|---|---|
| Chris Bell | **Trial Counsel** |
| | Randall B. Wood |
| | Doug W. Ray |
| | Ray & Wood |
| | 2700 Bee Caves Rd. #200 |
| | Austin, Texas 78746 |
| | |
| | **Counsel on Appeal** |
| | Elizabeth G. Bloch |
| | Thomas H. Watkins |
| | Husch Blackwell LLP |
| | 111 Congress, Suite 1400 |
| | Austin, Texas 78701 |
| | |
| **APPELLEE** | **ATTORNEYS FOR APPELLEE** |
| | |
| Republican Governors Association | **Trial Counsel and Counsel on Appeal** |
| | Terry L. Scarborough |
| | Hance Scarborough, LLP |
| | 111 Congress, Suite 500 |
| | Austin, Texas 78701 |

i

# TABLE OF CONTENTS

INTERESTED PARTIES ..................................................................................... i

TABLE OF CONTENTS .................................................................................... ii

INDEX OF AUTHORITIES................................................................................ iii

STATEMENT OF THE CASE...........................................................................v

STATEMENT REGARDING ORAL ARGUMENT .......................................... vi

ISSUES PRESENTED...................................................................................... vii

STATEMENT OF FACTS ................................................................................1

SUMMARY OF THE ARGUMENT ...................................................................2

ARGUMENTS AND AUTHORITIES ...............................................................3

    I.     Standard of review...................................................................................3

    II.    The trial court abused its discretion in awarding the RGA its attorney's fees........................................................................................4

          A.    Suits under the Election Code....................................................5

          B.    The state has a strong public interest in ensuring compliance with the state's campaign finance laws, and encouraging private enforcement actions furthers that goal.................................................................................................6

          C.    The Code Construction Act mandates that the legislature is presumed to have favored public interest over any private interest.........................................................................7

          D.    The award of attorney's fees here will discourage future private enforcement actions, in derogation of both legislative intent and public policy. ...........................................8

CONCLUSION................................................................................................10

CERTIFICATE OF COMPLIANCE..................................................................11

CERTIFICATE OF SERVICE .........................................................................12

APPENDIX.....................................................................................................13

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Buckley v. Valeo,*
    424 U.S 1 (1976)..................................................................................5

*McCutcheon v. Fed. Elec. Comm'n,*
    134 S.Ct. 1434 (2014)..........................................................................5

*Fed. Elec. Comm'n v. National Conservative Pol. Action Comm.,*
    470 U.S. 480 (1985)..............................................................................5

## STATE CASES

*Mercedes-Benz Credit Corp. v. Rhyne,*
    925 S.W.2d 664 (Tex. 1996) ...............................................................4

*Goode v. Shoukfeh,*
    943 S.W.2d 441 (Tex. 1997) ...............................................................3

*In re Pirelli Tire,*
    247 S.W.3d 670 (Tex. 2007) ............................................................3, 4

*King Street Patriots v. Texas Democratic Party,*
    No. 03-12-00255-CV, --- S.W.3d ---, 2014 WL 7014378 (Tex. App.—
    Austin December 8, 2014, no pet. h.) ...................................................6

*Osterberg v. Peca,*
    12 S.W.3d 31 (Tex. 2000)..................................................................6, 7

*Ragsdale v. Progressive Voters League,*
    790 S.W.2d 77 (Tex. App.—Dallas), *aff'd in part and rev'd in part on
    other grounds*, 881 (Tex. 1990))..........................................................6

*Republican Governors Association v. Bell,*
    412 S.W.3d 42 (Tex. App.—Austin 2013, pet. denied) .............................. iv, 1

*Samlowski v. Wooten,*
    332 S.W.3d 404 (Tex. 2011) ............................................................4, 7

*Texas Comptroller of Public Accounts v. Attorney General of Texas,*
    244 S.W.3d 629 (Tex. App—Austin 2008).............................................9

*Womack v. Berry,*
    291 S.W.2d 677 (Tex. 1956) ...............................................................3

# STATUTORY AUTHORITIES

TEX. ELEC. CODE § 251.001, *et seq.* ................................................................5

TEX. ELEC. CODE § 253.131 ................................................... 3, 5, 6, 7, 8

TEX. ELEC. CODE § 253.132 ................................................................6

TEX. ELEC. CODE § 253.133 ................................................................6

TEX. ELEC. CODE § 254.231 ....................................................... 3, 5, 6, 8

TEX. ELEC. CODE § 254.232 .......................................................... 3, 5, 6

TEX. ELEC. CODE § 258.009 ................................................................5

TEX. GOV'T CODE § 311.021 ............................................................7, 10

TEX. GOV'T CODE § 311.023 ................................................................7

## STATEMENT OF THE CASE

*Nature of Case:*   Chris Bell, a Democratic nominee for governor of Texas in 2006, brought suit against the Republican Governors Association (the RGA) alleging Election Code violations. This is the second appeal. In the first appeal, this Court reversed a bench trial judgment in Bell's favor, construing the Election Code in such a way that rendered the RGA's conduct permissible under the statute. *Republican Governors Association v. Bell*, 412 S.W.3d 42 (Tex. App.—Austin 2013, pet. denied). This Court remanded the case for the limited purpose of determining whether to award attorney's fees to the RGA. This appeal is from the trial court's award of attorney's fees to the RGA.

*Trial Court:*   The Honorable John Dietz of the 261st Judicial District Court, Travis County, Texas.

*Trial Court's Actions:*   The parties agreed to allow the trial court to consider previously filed affidavits regarding attorney's fees, and the court entered a Final Judgment (Appendix A)[1] awarding the RGA $300,000 in attorney's fees and conditional fees on appeal.

*Related Action:*   Previous appeal: *Republican Governors Association v. Bell*, 412 S.W.3d 42 (Tex. App.—Austin 2013, pet. denied).

---

[1] CR 201-202. The references herein to the Clerk's Record (CR) are to the new record that contains the pleadings upon remand. In addition, the Clerk's Record in the previous appeal has been transferred to this current appeal to ensure a complete record, and will be referred to as "First Appeal CR."

**STATEMENT REGARDING ORAL ARGUMENT**

Bell requests oral argument. Although the issue in this appeal is fairly straightforward, there are significant policy concerns at play regarding the public interest of encouraging, not discouraging, private enforcement actions under the Texas Election Code. Bell submits that oral argument would assist this Court in analyzing how the guiding principles of this strong public policy should apply to a trial court's exercise of discretion in awarding attorney's fees under the Election Code.

# ISSUES PRESENTED

The sole issue on appeal is whether the trial court abused its discretion in awarding attorney's fees to the RGA under the facts and circumstances of the case.

## STATEMENT OF FACTS

Bell brought this suit alleging violations of the Texas Election Code based on two contributions the RGA made to the political action committee of Bell's opponent, Rick Perry. Specifically, Bell contended that the RGA violated the Election Code when it made these contributions because, among other things, it failed to: 1) appoint a campaign treasurer, 2) file a report showing the contributions and expenditures, and 3) provide a donor list in compliance with the Election Code.[2] The trial court entered judgment in favor of Bell, finding all three violations by the RGA.[3]

This Court reversed, rendered judgment that Bell take nothing, and remanded the case to the trial court for the limited purpose of determining whether to award attorney's fees to the RGA. *Republican Governors Association v. Bell*, 412 S.W.3d 42, 44 (Tex. App.—Austin 2013, pet. denied). This Court's reversal turned on the novel legal issue of whether the RGA, an out-of-state but also a general-purpose political committee, was required to follow the Election Code's requirements.

On remand, the parties agreed to allow the trial court to consider previously filed affidavits regarding the amount and reasonableness of the fees.[4] The trial

---

[2] First Appeal CR 4.
[3] First Appeal CR 990-96, 997-99.
[4] CR 196.

1

court declined a hearing on the RGA's motion for attorney's fees, allowing the parties to submit letters[5] to supplement the arguments in their motion and response.[6] The court then entered judgment awarding the RGA $300,000 in attorney's fees, plus conditional fees on appeal.[7] Bell filed a motion for new trial on December 8, 2014,[8] but the trial court denied that motion the very next day, refusing to allow an oral hearing.[9] Bell then filed this appeal.[10]

## SUMMARY OF THE ARGUMENT

Texas has a strong public interest in *encouraging*, not discouraging, private enforcement actions under the Texas Election Code. An award of attorney's fees in this case will defeat this purpose by discouraging private enforcement actions in the future. Where, as here, a suit presents a colorable claim that was initially successful, but ultimately reversed on a novel legal issue, the only reasonable exercise of discretion that comports with the guiding principles underlying the Election Code is to deny recovery of attorney's fees.

---

[5] CR 217, 220, and 222.
[6] CR 6, 197.
[7] CR 201-02.
[8] CR 205.
[9] CR 210.
[10] CR 212.

## ARGUMENTS AND AUTHORITIES

### I.     Standard of review.

The trial court had discretion, under the Texas Election Code, to award fees to the RGA since judgment was ultimately rendered in its favor. TEX. ELEC. CODE §§ 253.131 and 254.231 ("Reasonable attorney's fees … may be awarded to the defendant if judgment is rendered in the defendant's favor"). The court's award of fees must therefore be reviewed under an abuse of discretion standard. *See In re Pirelli Tire, L.L.C.,* 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding).

While the word "may" in the statute gives a trial court discretion, such discretion is not unfettered; discretionary decisions cannot be arbitrary or unreasonable and must be made with reference to guiding principles. *Id.* (citing *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex. 1997)); *Womack v. Berry,* 291 S.W.2d 677, 683 (Tex. 1956) (orig. proceeding) (noting that use of the permissive word "may" does not vest a court with unlimited discretion, but requires a trial court to exercise that discretion within "limits created by the circumstances of the particular case").

The trial court's exercise of discretion must therefore be measured against the appropriate guiding principles. As discussed below, those guiding principles are the purposes and public policy concerns underlying the Texas Election Code.

3

**II. The trial court abused its discretion in awarding the RGA its attorney's fees.**

Although the statute allows discretion to award fees, the trial court nonetheless abused its discretion by awarding fees in this case because it failed to appropriately consider the guiding principles underlying the Election Code and the strong public policy in this State of encouraging private enforcement actions under that statute. The award of fees here will have the converse effect of chilling future private enforcement actions.

The critical inquiry here is what principles must guide a trial court's exercise of discretion in awarding fees under the Election Code. *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (a trial court's exercise of discretion must be made with reference to guiding principles). In an analogous situation, the court in *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011), analyzed what principles must guide a trial court's discretion to allow an extension to file an expert affidavit under the Texas Medical Liability Act. After noting that the statute provided no express guidance, stating merely that "the court may grant one 30-day extension," the court held, in a plurality opinion, that "[g]uidance must come instead from the broader purposes of the Texas Medical Liability Act, of which [that section] is a part." *See also In re Pirelli Tire*, 247 S.W.3d 670, 676 (Tex. 2007) (examining the guiding principles underlying the forum-non-

4

conveniens rule in determining whether a trial court abused its discretion in denying a motion to dismiss based on forum-non-conveniens).

Similarly, the text of §§ 253.131 and 254.231 provides no particular guidance on how a court should exercise its discretion in deciding whether to award fees. Guiding principles must therefore come from the broader purposes of the Texas Election Code, of which those sections are a part. The question here is whether the award of attorney's fees to the RGA under the facts and circumstances of this case is consistent with those guiding principles. It is not.

## A.    Suits under the Election Code.

The government has an important, even a compelling interest in preventing corruption or even its appearance in the realm of campaign finance. *See McCutcheon v. Fed. Elec. Comm'n*, 134 S.Ct. 1434, 1441 (2014); *Buckley v. Valeo*, 424 U.S 1, 26-27 (1976); *Fed. Elec. Comm'n v. National Conservative Pol. Action Comm.*, 470 U.S. 480, 496-497 (1985). This is so because of the inherent danger of campaign funding improperly influencing the political process.

To that end, the Texas Election Code has many provisions regulating political campaign financing. *See* TEX. ELEC. CODE §§ 251.001 *et seq*. As an important part of this statutory scheme, the Election Code imposes liability upon a violator in favor of both individual candidates and political action committees, who

5

may pursue statutory damages, and the state, which may pursue damages as well.[11] A private plaintiff may recover damages of twice the amount of an unlawful contribution or the amount that was improperly unreported, together with attorney's fees.[12] As discussed below, these statutory remedies are an important tool in encouraging private suits to prevent violations of the Election Code rather than taxing public resources by relying solely on suits by the state.

**B.      The state has a strong public interest in ensuring compliance with the state's campaign finance laws, and encouraging private enforcement actions furthers that goal.**

Texas has a strong public interest in ensuring compliance with the state's campaign finance laws. *Osterberg v. Peca*, 12 S.W.3d 31, 49 (Tex. 2000) ("Preventing evasion of these important campaign finance provisions is a legitimate and substantial state interest"); *King Street Patriots v. Texas Democratic Party*, No. 03-12-00255-CV, --- S.W.3d ---, 2014 WL 7014378 at *6 (Tex. App.— Austin December 8, 2014, no pet. h.). One important method of ensuring compliance is encouraging *private* actions for alleged Election Code violations. In fact, § 253.131 is "designed to 'deter violators and **encourage enforcement by candidates** and others directly participating in the process, rather than placing the entire enforcement burden on the government'." *Osterberg*, 12 S.W.3d at 49 (emphasis added) (quoting *Ragsdale v. Progressive Voters League*, 790 S.W.2d 77,

---

[11] TEX. ELEC. CODE §§ 253.131 – 253.133; §§ 254.231 and 254.232.
[12] Id. §§ 253.131 and 254.231.

6

84-85 (Tex. App.—Dallas), *aff'd in part and rev'd in part on other grounds*, 801 S.W.2d 880, 881 (Tex. 1990)). As the court in *Osterberg* noted:

> Because state resources for policing election laws are necessarily limited, in many cases section 253.131 is likely to provide the only viable means of enforcing reporting requirements. Preventing evasion of these important campaign finance provisions is a legitimate and substantial state interest.

*Osterberg*, 12 S.W.3d at 49.

A trial court's exercise of discretion in awarding attorney's fees under the Election Code must therefore be applied and analyzed with that guiding principle—*encouraging* private enforcement actions—in mind, since it is a significant policy underpinning the enforcement provisions of the Code. *See Samlowski*, 332 S.W.3d at 410; *see also* TEX. GOV'T CODE § 311.023 (courts must look to the "object sought to be attained" in construing and applying statutes).

**C.    The Code Construction Act mandates that the legislature is presumed to have favored public interest over any private interest.**

Further, the Code Construction Act mandates that in enacting a statute, "it is presumed that … **public interest is favored over any private interest**." TEX. GOV'T CODE § 311.021 (emphasis added). The public interest at play here, as noted above, is encouraging actions by private citizens who believe there has been a violation of the campaign finance laws. The private interest here is the RGA's

desire to be reimbursed for its attorney's fees. The former should be favored over the latter, as dictated by the legislature.

This is strengthened by the language of §§ 253.131 and 254.231 themselves. Both *require* an award of attorney's fees to a prevailing plaintiff/candidate who asserts a violation of the laws, which tends to further the goal of encouraging private enforcement actions so as to relieve the state of that burden. But both statutes do *not* require an award of attorney's fees to a prevailing defendant, instead leaving that to the discretion of the trial court. That discretion, however, must be exercised with the intended purposes of the statutes in mind.

### D. The award of attorney's fees here will discourage future private enforcement actions, in derogation of both legislative intent and public policy.

The award of attorney's fees to the RGA here will accomplish the opposite result than the one intended by the legislature. It will *discourage* instead of *encourage* actions by private citizens who believe that important campaign laws have been violated. This will embolden potential violators to disregard campaign finance laws without fear of any challenge from gun-shy private citizens, who likely will not be willing to risk an award of fees against them should they not prevail, or from understaffed governmental agencies, who may not have the resources or the incentive to pursue every potential violation. The award of fees to

8

the RGA was not made with reference to these guiding principles, and it therefore an abuse of discretion.

Finally, while the statutes at issue do not expressly require a showing by the prevailing defendant that the plaintiff's claims were without merit or were brought in bad faith, those factors can and should be considered in exercising discretion regarding fees. Certainly, in hoping to encourage private enforcement actions by candidates, the legislature did not intend to encourage meritless claims. An award of fees against a losing plaintiff may be entirely appropriate if the claim is without merit or brought in bad faith because the legislature cannot have intended to encourage such claims.

But the legislature *did* intend to encourage colorable claims. Awarding fees in this instance, where Bell's claims were initially determined to have merit but were then reversed on a novel legal issue, would defeat the purpose of the statute.[13] That purpose is best fulfilled by always awarding a prevailing plaintiff his or her attorney's fees, awarding a prevailing defendant fees incurred in defending against a meritless or frivolous claim, and awarding no fees to either side when, as here, it was a hard-fought battle with good-faith legitimate legal arguments on both sides and an initial court victory for the plaintiff. *See, e.g., Texas Comptroller of Public*

---

[13] That Bell's claims were colorable is evidenced by the fact that one judge believed the claims had merit while two did not. Only two justices participated in the decision on appeal, which overturned the original judgment in favor of Bell.

*Accounts v. Attorney General of Texas*, 244 S.W.3d 629 (Tex. App—Austin 2008) aff'd in part, rev'd in part on other grounds, 354 S.W.3d 336 (Tex. 2010) (upholding a trial court's discretionary denial of attorney's fees under the UDJA because the "claim was filed on a good-faith but incorrect belief" regarding the construction of a statute).

## CONCLUSION

In sum, an award of fees to the RGA, under the facts and circumstances of this case, would defeat the purpose of the statute by discouraging colorable claims in the future. It would also further the private financial interest of one political entity over the public's interest in maintaining the integrity of the electoral process, in violation of TEX. GOV'T CODE § 311.021. The only just, equitable, and reasonable exercise of discretion in this case, and the only one that is consistent with the applicable guiding rules and principles, is to deny the RGA its attorney's fees. The trial court abused its discretion by not abiding by the important guiding principles underlying the private enforcement provisions of the Election Code.

Bell therefore requests that this Court reverse the judgment below and render judgment that the RGA take nothing on its claim for attorney's fees. In the alternative, Bell requests that the case be remanded for the trial court to reconsider its decision in light of, and being guided by, the important public policy concerns of the Texas Election Code.

Respectfully submitted,

Husch Blackwell, L.L.P

BY:*/s/ Elizabeth G. Bloch*
Elizabeth G. Bloch
Texas Bar No. 02495500
Heidi.bloch@huschblackwell.com
Thomas H. Watkins
Texas Bar No. 20928000
tom.watkins@huschblackwell.com
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (facsimile)

*Attorneys for Appellant Chris Bell*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains 2,244 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2).

*/s/ Elizabeth G. Bloch*
Elizabeth G. Bloch

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served upon the following counsel of record via electronic filing and/or facsimile on the 27th day of March, 2015:

Terry L. Scarborough
Hance Scarborough, LLP
111 Congress, Suite 500
Austin, Texas 78701
(512) 482-6891 (facsimile)

*/s/ Elizabeth G. Bloch*
Elizabeth G. Bloch

# APPENDIX

A.      Final Judgment

CAUSE NO. D-1-GN-07-003955

| | | |
|---|---|---|
| CHRIS BELL, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| REPUBLICAN GOVERNORS | § | |
| ASSOCIATION, | § | |
| Defendant | § | 261ST JUDICIAL DISTRICT |

## FINAL JUDGMENT

The Court heard Defendant Republican Governors Association's Motion for Attorney Fees, the sole remaining issue in this lawsuit after the disposition and reversal by the Third Court of Appeals. Plaintiff Chris Bell appeared by and through his attorneys and announced ready for trial. Defendant Republican Governors Association appeared by and through its attorneys of record and announced ready for trial.

By agreement of the parties, the case was tried to the Court. The Court has considered the pleadings, the evidence, the motion and response, the arguments of counsel, and all matters properly before the Court. The Court finds that Defendant RGA is entitled to Final Judgment on its request for attorneys' fees, and that Plaintiff shall take nothing by its suit.

Pursuant to Tex. Elec. Code §§ 253.131(e) and 254.231(d), the Court determines that, as the prevailing party, Defendant RGA is entitled to an award of its reasonable attorneys' fees incurred in the defense of this lawsuit at trial and on appeal. Defendant RGA shall recover attorneys' fees in the amount of Three Hundred Thousand Dollars and No Cents ($300,000) for fees incurred in the defense of this lawsuit at trial and on appeal.

Pursuant to Tex. R. Civ. P. 131, the Court further awards all taxable costs to Defendant RGA.

APPENDIX A

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

1. All relief sought by Plaintiff against Defendant RGA is DENIED, and Plaintiff shall take nothing as to all claims against Defendant RGA;

2. Defendant RGA is awarded its reasonable attorneys' fees incurred in the trial and appeal of this case in the amount of $300,000;

3. Defendant RGA is awarded its taxable costs;

4. Post-judgment interest is awarded at five percent (5%) per annum on the total sums awarded in items 2 and 3 above;

5. Defendant is awarded an additional $30,000, as reasonable and necessary attorneys' fees, in the event of an appeal to the Texas Court of Appeals;

6. In the event of an appeal to the Texas Supreme Court, Defendant RGA is awarded an $10,000 to respond to a petition for review and an additional $10,000 if review is granted as reasonable and necessary attorneys' fees.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Defendant RGA shall be allowed such writs and executions as may be necessary in the enforcement and collection of this Judgment.

IT IS FURTHER ORDERED that all other relief requested by any party, but not specifically granted herein, is expressly DENIED.

This Judgment is final, disposes of all claims and all parties, and is appealable.

Signed this _6th_ day of November, 2014.

_____
JUDGE PRESIDING

APPENDIX A