ACCEPTED
03-15-00078-CV
5234933
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 3:24:10 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00078-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 3:24:10 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRD DISTRICT OF TEXAS
# AT AUSTIN, TEXAS

CHRIS BELL,
Appellant

v.

REPUBLICAN GOVERNORS ASSOCIATION,
Appellee.

On Appeal from the 261st Judicial District Court, Travis County
Honorable Judge Dietz Presiding

## APPELLEE'S BRIEF

**HUSH BLACKWELL LLP**
Elizabeth G. Bloch
State Bar No. 02495500
Heidi.bloch@huschblackwell.com
Thomas H. Watkins
State Bar No. 20928000
Tom.watkins@huschblackwell.com
111 Congress Avenue, Suite 1400
Austin, TX  78701
Telephone: (512) 472-5456
Facsimile: (512) 479-1101

**ATTORNEYS FOR APPELLANT
CHRIS BELL**

**HANCE SCARBOROUGH, LLP**
Terry L. Scarborough
State Bar No. 17716000
TScarborough@hslawmail.com
V. Blayre Pena
State Bar No. 24050372
BPena@hslawmail.com
400 W. 15th Street, Ste. 950
Austin, TX 78701
Telephone: (512) 479-8888
Facsimile: (512) 482-6891

**ATTORNEYS FOR APPELLEE
 REPUBLICAN GOVERNORS
ASSOCIATION**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 53.2(a), the parties to the judgment at issue in this appeal are:

| APPELLANT | ATTORNEYS FOR APPELLANT |
|---|---|
| Chris Bell | **Trial Counsel**<br>Randall B. Wood<br>Doug W. Ray<br>Ray & Wood<br>2700 Bee Cave Rd. #200<br>Austin, Texas 78746<br><br>**Counsel on Appeal**<br>Elizabeth G. Bloch<br>Thomas H. Watkins<br>Husch Blackwell LLP<br>111 Congress Ave., Ste. 1400<br>Austin, Texas 78701 |
| **APPELLEE** | **ATTORNEYS FOR APPELLEE** |
| Republican Governors Association | **Trial and Appeal Counsel**<br><br>Terry L. Scarborough<br>V. Blayre Pena<br>Hance Scarborough, LLP<br>400 W. 15th Street, Ste. 950<br>Austin, Texas 78701 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL …………………………….………...2

TABLE OF CONTENTS ………………………………………….………3

INDEX OF AUTHORITIES ………………………………………………4

STATEMENT OF THE CASE ……………………………..………..6

STATEMENT REGARDING ORAL ARGUMENT …………………………..7

STATEMENT OF THE FACTS …………………………………..………..8

SUMMARY OF THE RESPONSE… …………………………..…………….9

ARGUMENT AND AUTHORITIES……....……………………..……………10

    I.     Standard of Review………………………………………………10
    II.    Bell did not object to or otherwise controvert RGA's evidence in support of the reasonableness of its attorney's fees.  Accordingly, fees may be awarded as a matter of law………………………………………………………...11
    III.    Bell's argument has no basis in law or statute…………………………………………………….13
        1. The Texas Election Code and Texas' statutory interpretation law do not support Bell's argument……………………………………………….13
        2. Appellant cites to no case law which supports his position…........15
        3. Case law supports the award fees to RGA………………………17
        4. The award of fees to RGA does not violate public interest……...18

CONCLUSION……………………………………………………...20

CERTIFICATE OF COMPLIANCE……………………………………...21

CERTIFICATE OF SERVICE ……………………………………..……22

# INDEX OF AUTHORITIES

## *Cases*

*Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665 (Tex. App.—Austin 2006, no pet.) ........................................................................................................ 10

*Aquaduct, L.L.C. v. McElhenie*, 116 S.W.3d 438, 444 (Tex. App.—Houston [14th Dist.] 2003, no pet.) .............................................................................................. 10

*Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) ............................................ 10, 11

*EMC Mortgage Corp. v. Davis*, 167 S.W.3d 406, 418 (Tex. App.—Austin 2005, pet. denied) ........................................................................................................ 10

*Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997) .............................................. 10

*Hoelscher v. Kilman*, 2006 Tex. App. LEXIS 1351, 18 (Tex. App.—Austin Feb. 16, 2006, no pet.) ............................................................................................... 12

*Hunsucker v. Fustok*, 238 S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ............................................................................................................. 12

*In re Pirelli Tire*, 247 S.W.3d 670 (Tex. 2007) ........................................................ 16

*In the Interest of L.M.M.*, 2005 Tex. App. LEXIS 7191, 43 (Tex. App.—Austin 2005, no pet.) ..................................................................................................... 10

*Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) ............ 13

*Low v. Henry,* 221 S.W.3d 609, 619 (Tex. 2007) ................................................ 11, 15

*Mercedes-Benz Credit Corp v. Rhyne*, 925 S.W.2d 664 (Tex. 1996) ........................ 16

*Osterberg v. Peca*, 12 S.W.3d 31, 49 (Tex. 2000) ................................................... 19

*Petroleum Analyzer Co. LP v. Olstowski*, 2010 Tex. App. LEXIS 5581, 66 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ............................................................ 12

*Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 279 (Tex. App.—Houston [1st Dist.] 1996, no writ) ...................................................................................... 10

*Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) ........... 12

*Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)...............................................15

*Samlowski v. Wooten*, 332 S.W.3d 404 (Tex. 2011)......................................................16

*Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871 (Tex. App.—2010, pet. denied)...................................................................17, 18

*Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300, 318-19 (Tex. App.—Texarkana 2006, pet. denied) .............................................18

*Texas Comptroller of Public Accounts v. Attorney General of Texas*, 244 S.W.3d 629 (Tex. App—Austin 2008), *aff'd in part, rev'd in part in other grounds*, 354 S.W.3d 336 (Tex. 2010)...............................................................16, 17

*Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.) ......................10

*Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)...............................................11, 15

*Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).......................11

*Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847 (Tex. App.—San Antonio 2002, pet. denied)...........................................................10

## Statutes

CIV. PRAC. & REM. CODE § 37.008 ...............................................................................14

Civ. Prac. & Rem. Code § 18.001(b) ............................................................................12

TEX. ELEC. CODE §§ 253.131 – 253.133; §§ 254.231-32 ..............................................19

TEX. ELEC. CODE §§ 253.131(e) and 254.231(d) .........................................................11

TEX. GOV'T CODE § 552.323(b)....................................................................................14

## STATEMENT OF THE CASE

*Nature of Case:*      Chris Bell ("Bell" or "Appellant"), a Democratic nominee for governor of Texas in 2006, brought suit against the Republic Governors Association ("RGA" or "Appellee") alleging violations of the Texas Election Code. This is the second appeal from that case. In the first appeal, this Court correctly ruled that the RGA did not violate the Texas Election Code, and as such reversed a bench trial judgment in Bell's favor. *Republican Governors Assoc. v. Bell*, 412 S.W.3d 42 (Tex. App.—Austin 2013, pet. denied). This Court also remanded the case for the limited purpose of determining whether to award attorney's fees to the RGA. The trial court ultimately did award attorney's fees to RGA, and this appeal followed.

*Trial Court:*      The Honorable John Dietz of the 261st Judicial District Court, Travis County, Texas.

*Trial Court's Actions:*      Upon remand, RGA filed its Motion for Attorney's Fees relying on previously submitted evidence in support of fees pursuant to an agreement between the parties. Bell did not object to or otherwise controvert the evidence. The court then entered a Final Judgment awarding the RGA $300,000.00 in attorney's fees and conditional fees upon appeal.[1]

*Related Action:*      Prior appeal: *Republican Governors Assoc. v. Bell*, 412 S.W.3d 42 (Tex. App.—Austin 2013, pet. denied).

---

[1] *See* Appellant's Brief, Appendix A

6

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary. The only issue on appeal is a straightforward one regarding the trial court's award of attorney's fees. Contrary to Appellant's position, there are no policy concerns at play, as this appeal requires nothing more than the standard abuse of discretion review applying the plain language of the statutes under which attorney's fees were awarded. Accordingly, oral argument is not necessary to assist the Court in determining the outcome of this appeal.

## STATEMENT OF THE FACTS

RGA does not generally disagree with Bell's Statement of Facts subject to the following exceptions. First, it is RGA's position that this Court's decision in the First Appeal turned on a correct reading of the statutes at issue, as opposed to Bell's assertion that it turned on a "novel legal issue." Additionally, clarification is necessary as to the procedural history of the attorney's fees evidence relied upon by the trial court. During the first trial on this matter, the parties agreed that they would submit evidence of their respective attorney's fees post-trial, which they did.[2] Bell did not object to or controvert RGA's evidence of fees. Upon remand RGA filed its Motion for Attorney's Fees relying on the previously submitted evidence of its reasonable attorney's fees[3] pursuant to an agreement between the parties.[4] Once again, Bell did not object to or controvert the evidence.

---

[2] First Appeal CR 574-78, 840-973 and 974-78; First Appeal RR 58-59.

[3] CR 6 – 193.

[4] CR 196 (Rule 11 Agreement providing that the Parties "stipulate and agree to the admissibility" of the affidavit and exhibits submitted by RGA in support of Motion for Attorney's Fees "both as to the amount and reasonableness of past trial and appellate fees, and the amount and reasonableness of future appellate fees.").

8

## SUMMARY OF THE RESPONSE

Bell incorrectly argues that the trial court's award of attorney's fees constitutes an abuse of discretion under the relevant statutes because his original claim was "colorable,"[5] and as such the only just and equitable exercise of discretion under the applicable guiding principles is that RGA should have not been awarded any fees.[6]   However, the relevant statutes do not require the court to make such determinations when exercising its discretion.  To the contrary, the only requirement of an attorney's fee award under the statutes in question is that it be reasonable.  Bell did not object to or otherwise controvert RGA's attorney's fee evidence as to the reasonableness of its fees, and as such it was within the trial court's discretion to award RGA its attorney's fees as a matter of law. Accordingly, there can be no abuse of discretion in making such award.

---

[5] Appellant's Brief p. 2.
[6] *Id*. at p. 10.

## ARGUMENT AND AUTHORITIES

### I.    Standard of Review[7]

An award of attorney's fees must be reviewed under an abuse of discretion standard.  *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *EMC Mortgage Corp. v. Davis*, 167 S.W.3d 406, 418 (Tex. App.—Austin 2005, pet. denied).  A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997).   However, there is no abuse of discretion where an award of attorney's fees is supported by the evidence. *See In the Interest of L.M.M.*, 2005 Tex. App. LEXIS 7191, 43 (Tex. App.—Austin 2005, no pet.) (mem. op.); *Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.).

Further, when reviewing a trial court's decision under an abuse of discretion standard, the court of appeals must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in its favor. *Aquaduct, L.L.C. v. McElhenie*, 116 S.W.3d 438, 444 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 279 (Tex. App.— Houston [1st Dist.] 1996, no writ).  The judgment must be affirmed if it can be

---

[7] Note that a line of cases exists which could be interpreted as requiring a mandatory award of fees to RGA.  *See Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665 (Tex. App.—Austin 2006, no pet.); *Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847 (Tex. App.—San Antonio 2002, pet. denied).  While RGA is not raising this issue for the purposes of this appeal, nothing in this appeal should be taken as a concession by RGA that those cases and their holdings do not apply to an award of fees under Texas Election Code sections 253.131 and 254.231.

upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, not when it simply exercises that discretion in a different manner than reviewing appellate courts might. *Low v. Henry,* 221 S.W.3d 609, 620 (Tex. 2007). The Court may not reconsider the facts and substitute its judgment for the judgment of the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

**II.  Bell did not object to or otherwise controvert RGA's evidence in support of the reasonableness of its attorney's fees. Accordingly, fees may be awarded as a matter of law.**

Texas Election Code sections 253.131 and 254.231 both read in relevant part as follows: "Reasonable attorney's fees incurred in the suit may be awarded to the defendant if judgment is rendered in the defendant's favor."[8] In this case judgment was rendered in RGA's favor.[9] Thus, if the award of fees to RGA was reasonable then there has been no abuse of discretion.

The reasonableness and necessity of an award of fees is a question of fact. *Bocquet*, 972 S.W.2d at 21. However, although what constitutes reasonable attorney's fees is a question of fact, clear, direct, and uncontroverted evidence, even evidence from an interested witness, will establish that attorney's fees sought are reasonable and necessary, particularly where the opposing party had means and

---

[8] TEX. ELEC. CODE §§ 253.131(e) and 254.231(d).
[9] CR 189.

11

opportunity to disprove the testimony but failed to do so. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990); Tex. Civ. Prac. & Rem. Code §18.001(b). In such instances, attorney's fees may be awarded as a matter of law. *Ragsdale*, 801 S.W.2d at 882.

The record is clear that the evidence submitted by Defendant as to the reasonableness of its fees was clear, direct and uncontroverted and that Plaintiff did not object to that evidence although he had the means and opportunity to do so.[10] The reasonableness of the fees is therefore established.

In fact, under such circumstances it would have been an abuse of discretion had the court failed to award any fees. *See, e.g., Hoelscher v. Kilman*, 2006 Tex. App. LEXIS 1351, 18 (Tex. App.—Austin Feb. 16, 2006, no pet.) (mem. op.) (finding the trial court abused its discretion by not awarding appellate attorney's fees under CPRC section 38.001, when defendant's attorney's testimony as to reasonable appellate attorney's fees was not controverted); *Hunsucker v. Fustok*, 238 S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that it is an abuse of discretion not to award fees when party submitted uncontroverted affidavit establishing reasonableness of fees); *Petroleum Analyzer Co. LP v. Olstowski*, 2010 Tex. App. LEXIS 5581, 66 (Tex. App.—Houston [1st Dist.] 2010,

---

[10] *See* First Appeal CR 840-973 (Notice of Affidavit of Attorney's Fees); CR 6 – 193 (RGA's Motion for Attorney's Fees); CR 196 (Rule 11 Agreement regarding admissibility of fee evidence); and CR 197-200 (Bell's Response to RGA's Motion for Attorney's Fees)

12

no pet.) (mem. op.) (trial court had discretion to award less than requested, but to have awarded nothing would have been abuse of discretion).

Accordingly, the trial court did not abuse its discretion in making an award of fees to RGA.

## III. Bell's argument has no basis in common law or statute.

### 1. The Texas Election Code and Texas' statutory interpretation law does not support Bell's argument.

Bell argues that the trial court's decision to award fees to defendant was unreasonable because his claim was "colorable" and the "guiding principles" of the statute mandate that the only equitable and just outcome is no award of fees.[11] However, as set forth above, the evidence submitted by RGA established the reasonableness of the fees and supported an award of fees as a matter of law. What Bell is really arguing is that additional language should be read into the statutes concerning the discretion of a trial court to award fees. However, Texas law does not support reading additional requirements into the statutory language.

It is well established under Texas law that courts must enforce a statute as written and "refrain from rewriting text that lawmakers chose." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). The court limits its analysis to the

---

[11] Appellant's Brief p. 2 and 10.

13

words of the statute and applies the plain meaning of those words "unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id*. (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

As set forth above, the only requirement imposed by the relevant statutes is that any award be reasonable. The legislature clearly could have included additional language in the statutes regarding how to assess fees had it so intended. *See, e.g.,* TEX. GOV'T CODE § 552.323(b) (providing that in exercising discretion to award fees, the court shall "consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith."); CIV. PRAC. & REM. CODE § 37.008 (requiring that in addition to being reasonable, attorney's fees must be equitable and just). No such language exists here. All that is required is that the award be reasonable.

Additionally, even if Bell is correct as to the factors the trial court should have considered, which he is not, he points to nothing in the record supporting his position that the Court did not consider the issues he raises.[12] Where there are no findings of fact or conclusions of law, the court of appeals must view the evidence

---

[12] To the contrary, Bell raised these same arguments to the trial court, so it cannot be said that the court was not aware of them when making its decision. *See* CR 197-200 and 217-19. It should also be noted that the trial court in this matter actually reduced the amount of fees requested by Defendant, which further suggests it did consider additional factors when making its determination other than the reasonableness of the fees. *See* CR 9 (RGA's request for an award of $528,299.00) and 201-02 (Final Judgment awarding $300,000.00).

14

in the light most favorable to the trial court's ruling and indulge every presumption in its favor. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per. curiam). Accordingly, it must be presumed that the trial court considered the appropriate factors in making its award, and just because Bell disagrees with the outcome it does not establish that there was an abuse of discretion.

**2. Appellant cites to no case law in support of his position**

In support of his argument, Appellant cites to no case wherein a court was found to have abused its discretion by awarding fees under a discretionary statute when the evidence otherwise supported the award, nor is RGA aware of any such case. This stands to reason, as it is well established under Texas law that a Court of Appeals will not substitute its opinion for that of the trial court simply because it disagrees with how the trial court exercised its discretion. *See, e.g., Low v. Henry,* 221 S.W.3d 609, 620 (Tex. 2007); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Finding no case law supporting his position, Appellant instead cites to a variety of cases concerning alleged abuses of discretion in other contexts, none of which are analogous and all of which are easily differentiated from the case at hand.

In *Mercedes-Benz Credit Corp v. Rhyne*,[13] it was held that the trial court abused its discretion in denying the appellant a jury trial despite a previous order from the court providing for expressly that. 925 S.W.2d 664 (Tex. 1996). In *Samlowski v. Wooten*,[14] it was held that the trial court abused its discretion in not granting the appellant an extension to see if she could cure a defect in a required expert report, as such denial effectively precluded plaintiff from having an opportunity to present the merits of her case. 332 S.W.3d 404 (Tex. 2011). In *In re Pirelli Tire*,[15] it was held that the trial court abused its discretion in not dismissing a case on forum-non-conveniens grounds when it was clear that Mexico was the proper location for the case. 247 S.W.3d 670 (Tex. 2007). None of these cases are even remotely related to the case at hand or dispositive of the issue presented by this appeal.

The only case cited by Appellant in support of his arguments concerning an award of fees is also easily differentiated. *See Texas Comptroller of Public Accounts v. Attorney General of Texas*, 244 S.W.3d 629 (Tex. App—Austin 2008), *aff'd in part, rev'd in part in other grounds*, 354 S.W.3d 336 (Tex. 2010).[16] In that case, a trial court did not award fees to a prevailing defendant because it found that there was no evidence that the case was not brought in good faith, a factor which it

---

[13] Appellant's Brief p. 4.
[14] *Id*.
[15] *Id*.
[16] *Id*. at pp. 9-10.

was expressly required to consider by statute.[17] The trial court likewise exercised its discretion not to award fees under the UDJA on the same basis. The crucial difference between that case and this appeal is that in *Texas Comptroller* the statute expressly set forth that the court must consider whether the case was brought in good faith. No such language exists in the statutes under which the trial court awarded RGA is fees, and even if it did it would not warrant a different outcome. Accordingly, Bell's appeal should be dismissed.

### 3. Case law supports the award fees to RGA.

The two cases which RGA has found that come closest to encompassing Bell's argument were, not surprisingly, not cited to in Appellant's Brief. In *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871 (Tex. App.—Austin 2010, pet. denied), the appellant argued that an award of fees to the prevailing defendant under the UDJA was not equitable and just because it was a "nonprofit organization dedicated to the public good." *Id*. at 893. Additional arguments were made by amicus curae that an award of fees in the case would have a chilling effect on citizen suits (an argument parroted by Bell in this case). . *Id*. . This Court, in affirming an award of fees to the defendant, ruled that:

> "[w]e do not consider this, standing alone, to make the award of attorneys' fees to Mark Foster inequitable or unjust. It may very well

---

[17] TEX. GOV'T. CODE §552.323(b) ("In exercising its discretion under this subsection, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.").

have been equitable and just for the district court *not* to have awarded fees or to award some other amount, but that does not make this award inequitable or unjust."

*Id*.

In another case involving the same plaintiff but a different Court of Appeals, the court reached the same decision. *See Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist*., 198 S.W.3d 300, 318-19 (Tex. App.—Texarkana 2006, pet. denied) (holding that trial court did not abuse its discretion in award attorneys' fees to defendant in UDJA action, even though SOS Alliance was "a local nonprofit organization," because "reasonable minds can differ concerning whether the attorney's fees are just and equitable").

These cases both illustrate that even when the statutory language provides that an award be equitable and just, it is not an abuse of discretion to award fees to a defendant, regardless of whether the plaintiff is fighting for the alleged public good.[18]

### 4. The award of fees to RGA does not violate public interest.

A large portion of Appellant's Brief is focused on unsubstantiated arguments that the award of fees to RGA somehow violates the intended purposes of the Texas Election Code and does not favor the public interest over private interest. As an initial point, these arguments are nothing more than a red herring to distract

---

[18] It should be noted that Bell is not a non-profit dedicated to the public good, but is instead a failed gubernatorial candidate who brought suit after he lost the election.

from the actual language of the statutes in question, and as such do not merit a lengthy response or analysis. However, a couple points do warrant mentioning.

Bell argues that the public interest underpinning the Election Code is an interest encouraging actions by private citizens who believe there have been a violation of the campaign finance laws.[19] That is not correct. The public interest is preventing campaign finance corruption and "[p]reventing evasion of…important campaign finance provisions." *Osterberg v. Peca*, 12 S.W.3d 31, 49 (Tex. 2000).[20] An award of fees does not violate this public interest, because there was no violation of the Election Code by RGA.

As a final note, the award of fees in this case will not serve to discourage suits under the Election Code nor will it embolden potential violators to disregard campaign finance laws and Bell points to no evidence establishing such. At most the award makes clear that a potential plaintiff should carefully consider the merits of his case before filing suit and causing an innocent defendant to incur years of legal fees defending itself against baseless claims.

---

[19] Appellant's Brief p. 6.
[20] The Election Code does this by providing for statutory damages against a party found to have committed a violation. *See* TEX. ELEC. CODE §§ 253.131 – 253.133; §§ 254.231-32.

## CONCLUSION

As established herein, the statutes under which the RGA was awarded its fees require only that the award be reasonable. The evidence submitted by RGA in support of its fees was clear, direct and uncontroverted and Bell did not object to that evidence although he had the means and opportunity to do so. Accordingly, the trial court was entitled to award RGA its attorney's fees as a matter of law, and it would only have been an abuse of discretion had the trial court failed to make an award. Further, Bell cites to no case law in support of their position or language in the relevant statues requiring the court to not award fees if Bell's claim is colorable or otherwise brought in good faith. Accordingly, this appeal should be denied in its entirety.

Respectfully submitted,

HANCE SCARBOROUGH, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Telephone: (512) 479-8888
Facsimile: (512) 482-6891

By: /s/ Terry L. Scarborough
  Terry L. Scarborough
  State Bar No. 17716000
  tscarborough@hslawmail.com
  V. Blayre Pena
  State Bar No. 24050372
  bpena@hslawmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this brief contains 2609 words. This is a computer generated document created in Microsoft Word, using 14 point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Terry L. Scarborough
Terry L. Scarborough

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Appeellee's Brief was served on the following counsel of record on May 11, 2015, via certified mail, return receipt requested, and/or the electronic filing system:

**Trial Counsel**
Randall B. Wood
Doug W. Ray
Ray & Wood
700 Bee Cave Rd. #200
Austin, Texas 78746
Phone: (512) 328-8877
Facsimile: (512) 328-1156

**Counsel on Appeal**
Elizabeth G. Bloch
Thomas H. Watkins
Husch Blackwell LLP
111 Congress Ave., Ste. 1400
Austin, Texas 78701
Phone: (512) 472-5456
Facsimile: (512) 479-1101

/s/ Terry L. Scarborough
Terry L. Scarborough